# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00048-MR

| | |
|---|---|
| **RONNIE DALE WHITENER,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **THE RUTHERFORD COUNTY** ) <br> **DETENTION CENTER, et al.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* "Motion for Instructions Regarding Service of Process on Defendants" [Doc. 18].

The *pro se* incarcerated Plaintiff, proceeding *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983, the Federal Tort Claims Act ("FTCA") and North Carolina law, addressing incidents that allegedly occurred at the Rutherford County Detention Center.[1] [Doc. 1]. The Complaint passed initial review on claims against Defendants John Doe sergeant and two John Doe correctional officers, and the remaining claims were dismissed. [Doc. 16]. On October 29, 2021, the Court ordered the

---

[1] The Plaintiff's current address of record is at the Morgan County Correctional Complex in the Tennessee Department of Corrections.

Plaintiff to fill out and return summons forms for service of process on the Defendants within 14 days. [Doc. 17].

The Plaintiff has now filed the instant Motion stating that he has unsuccessfully sought information to identify the John Doe Defendants from the Rutherford County Sheriff, Chris Francis. [See Doc. 18-1]. He believes the Rutherford County Sheriff's Department has information that would identify the Defendants, and requests instruction from the Court on obtaining that information.

The Motion is liberally construed as a Motion for Discovery. See generally Fed. R. Civ. P. 45(a); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). The Motion is granted, and the Plaintiff may complete a subpoena directed to Sheriff Francis in accordance with Rule 45. Once a properly completed subpoena is returned to this Court, the Court will direct the U.S. Marshals Service to serve such subpoena on the Plaintiff's behalf.[2] See 28 U.S.C. § 1915(d).

---

[2] It is unclear, at this juncture, whether any expenses will be associated with this request. However, the Plaintiff is advised that he will be responsible for any such expenses.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Instructions Regarding Service of Process on Defendants" [Doc. 18] is construed as a Motion for Discovery and is **GRANTED**.

The Clerk is instructed to mail the Plaintiff a blank Subpoena to Produce Documents, Information or Objects form. The Plaintiff shall complete the form then return it to the Court for service.

The Clerk is also instructed to mail three (3) blank summonses to Plaintiff to fill out and identify the John Doe Defendants, which he must then return to the Court for service. The Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. As the Court receives the completed summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED.**

Signed: November 18, 2021

Martin Reidinger
Chief United States District Judge