IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00048-MR

RONNIE DALE WHITENER,            )
                                 )
            Plaintiff,           )
                                 )
vs.                              )
                                 )
RUTHERFORD COUNTY DETENTION      )
CENTER, et al.,                  )            **ORDER**
                                 )
            Defendants.          )
_____  )

**THIS MATTER** is before the Court on the Motions for an Extension of Time to Answer and to Deem Answer Timely filed by Defendants John Cooley and Joshua Goodwin [Doc. 34] and John Patterson [Doc. 40]; and on the Plaintiff's pro se "Request for Entry of Default" [Doc. 36], Motion for Default Judgment [Doc. 37], and Motions to Reconsider Appointment of Counsel [Docs. 41, 45].

The pro se incarcerated Plaintiff filed this civil rights action addressing incidents that allegedly occurred while he was a pretrial detainee at the Rutherford County Detention Center. [Doc. 1]. The Complaint passed initial review on the Plaintiff's claims pursuant to 42 U.S.C. § 1983 against three John Doe Defendants for the use of excessive force and failure to intervene,

and the Court exercised supplemental jurisdiction over the Plaintiff's North Carolina assault and battery and negligence claims. [Doc. 16]. The Court allowed the Plaintiff to conduct limited discovery in order to identify the John Doe Defendants. [Doc. 19]. The Plaintiff then returned completed summons forms for service on Defendants John Patterson, John Cooley, and Joshua Goodwin at the Rutherford County Sheriff's Office (RCSO). [Doc. 30]. On March 2, 2022, the Court ordered the U.S. Marshals Service to effectuate service upon the Defendants. [Doc. 31]. The summons returns indicate that the Defendants were served by mail on March 7, 2022, having been signed for by "L. Fulk" at RCSO. [Doc. 35].

Defendants Cooley and Goodwin filed an Answer on April 11, 2022. [Doc. 33]. They have moved the Court to accept the Answer as timely filed due to excusable neglect. Specifically, they argue that they are no longer employed at RCSO; that they received the summons forms on or about March 14, 2022; and that counsel was not notified about service until April 7, 2022 due to a miscommunication. [Doc. 34].

Defendant Patterson filed an Answer on April 28, 2022. [Doc. 39]. He has moved the Court to accept his Answer as timely filed due to excusable neglect or improper service, arguing that he has not worked at RCSO since 2019; that the return of service was sealed until April 29; that Defendant

2

Patterson's counsel learned of the alleged service from counsel for Defendants Cooley and Goodwin; and that counsel promptly filed an Answer upon learning of service. [Doc. 40].

The Plaintiff does not appear to oppose Defendants Cooley and Goodwin's Motion, but he seeks the entry of a default and a default judgment against Defendant Patterson. [Docs. 36, 37, 38].

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

Rule 55(a) requires the clerk to enter a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise...." Fed. R. Civ. P. 55(a). After this entry of default, the party seeking a judgment must apply to the court for a default judgment. See Fed. R. Civ. P. 55(b); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). A defendant's

default does not automatically entitle the plaintiff to entry of a default judgment; that decision is left to the discretion of the court. See United States v. Moradi, 673 F.2d 725 (4th Cir. 1982); Fed. R. Civ. P. 55(c). The clear policy of the Rules is to encourage disposition of claims on their merits. See Moradi, 673 F.2d at 727.

The Court finds that the Defendants have shown excusable neglect for failing to timely file their answers, and their Motions will be granted for good cause shown. Further, Defendant Patterson has demonstrated that he was not properly served with the Complaint on the date indicated by the service return,[1] and that he filed his Answer within a short time of learning of the purported service. The Plaintiff's Motions seeking the entry of a default[2] and a default judgment against Defendant Patterson are denied.

The Plaintiff has also filed two Motions asking the Court to reconsider its denial of his Motion for the Appointment of Counsel. [Docs. 41, 45; see Docs. 4, 16]. The Plaintiff has again failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel,

---

[1] See generally Fed. R. Civ. P. 4(e); N.C. R. Civ. P. 4(j)(1).

[2] Had a default been entered by the Clerk pursuant to Rule 55(a), it would be set aside. See Fed. R. Civ. P. 55(c).

or any basis for the Court to reconsider its earlier denial of counsel. Accordingly, the present Motions are denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Motions for an Extension of Time to Answer and to Deem Answer Timely Filed by Defendants John Cooley and Joshua Goodwin [Doc. 34] and John Patterson [Doc. 40] are **GRANTED**.

2. The Plaintiff's pro se "Request for Entry of Default" [Doc. 36] and Motion for Default Judgment [Doc. 37] are **DENIED**.

3. The Plaintiff's Motions to Reconsider Appointment of Counsel [Docs. 41, 45] are **DENIED**.

**IT IS SO ORDERED**.

Signed: July 5, 2022

Martin Reidinger
Chief United States District Judge