# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00048-MR

| | |
|---|---|
| **RONNIE DALE WHITENER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **PROTECTIVE ORDER** |
| ) | |
| **THE RUTHERFORD COUNTY DETENTION** ) | |
| **CENTER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants Josh Goodwin and John Cooley's Motion for Protective Order [Doc. 53].

The Defendants request the Court to enter a protective order governing the production of confidential internal affairs documents, some of which contain information protected under N.C. Gen. Stat. § 153A-98. [Doc. 55].

On review of Defendants' motion, the Court finds that such information may be deemed confidential under federal and state law, including N.C.G.S. § 153A-98.

Due to the confidential nature of the information that will be produced in this matter, a protective order is necessary to authorize the release of such confidential information and to ensure that such confidential information is

not disclosed or used for any purpose except in connection with this litigation. The Plaintiff and the other Defendants consent to the entry of a protective order. [Doc. 55-1]. The Court will, therefore, grant Defendants Goodwin and Cooley's request for a protective order.

**IT IS, THEREFORE, ORDERED** that the Motion for Protective Order [Doc. 53] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. Confidential Information is information set forth in N.C.G.S. § 153A-98(a) which concerns or relates to an individual's application, selection or nonselection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form, but expressly excludes any of the following: the employee's home residence, the identity of family members, insurance and benefits, medical history, social security number, and financial information. Confidential Information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) law enforcement recordings, and (d) any other similar documents. The information with respect to each county employee set forth in N.C. Gen. Stat.

§ 153A-98(b)(1)-(12) is a matter of public record and not Confidential Information.

2. Any such Confidential Information obtained in this action which is asserted by Defendants to contain or constitute confidential information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER, Case No. 1:21-CV-48" or a comparable notice. Such Confidential Information shall be disclosed at any hearing only to Court personnel, to the parties and to counsel for the parties and their employees.

3. In the absence of written permission from the Defendants or an order by the Court, any Confidential Information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; or (v) witnesses who are managers or supervisors or the individuals to whom the personnel file belongs. Except as maybe otherwise provided by further order

of the Court, Confidential Information shall be used for no purpose other than prosecuting or defending this action, including any and all motion such as motions for summary judgment, and shall be disclosed only to the persons identified in subparagraphs 3(i)-(v). Nothing in this Order is intended to interfere with an individual employee's right to examine his own personnel file to the extent permitted by law.

4. Confidential Information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(iv) unless he or she shall have first read this Order and shall have agreed, by letter submitted to Defendants' counsel: (i) to be bound by the terms thereof, (ii) not to reveal such Confidential Information to anyone other than another person designated in paragraph 3; and (iii) to utilize such Confidential Information solely for purposes of this litigation.

5. If any persons, other than those identified above in Paragraph 3, are provided with any Confidential Information by any person identified in Paragraph 3, such information shall remain confidential and such persons receiving said information shall remain subject to the conditions of this Protective Order.

6. To the extent any party seeks leave to file any material and documents that are deemed confidential, pursuant to North Carolina General

Statutes, federal statutes or case law, such request shall be made in conformity with the Local Rules of this District, including Local Rule 6.1. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof.  When any Confidential Information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

7. If Confidential Information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.  Should the Confidential Information be obtained in a manner outside of the means and mechanisms contemplated and described in this Order, then that information

5

Case 1:21-cv-00048-MR   Document 56   Filed 11/14/22   Page 5 of 6

shall not be subject to this Order, except that such information shall be used solely for the purpose of this action.

8.  Confidential information provided to the Court (including any copies made and/or computer materials made or stored) shall be subject to a final order of the Court upon the conclusion of litigation.

**IT IS SO ORDERED.**

Signed: November 11, 2022

Martin Reidinger
Chief United States District Judge