IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00048-MR

| | |
|---|---|
| RONNY DALE WHITENER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| THE RUTHERFORD COUNTY ) | |
| DETENTION CENTER, et al. ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Seal. [Doc. 92].

The pro se incarcerated Plaintiff filed this civil rights action addressing incidents that allegedly occurred while he was a pretrial detainee at the Rutherford County Detention Center. [Doc. 1]. In the course of litigation, the Plaintiff filed a Motion for Partial Summary Judgment [Doc. 61] and a Motion to Revive Defendants [Doc. 63]. In support of these motions, the Plaintiff submitted a copy of an internal investigation report and other materials that he had obtained from the Defendants pursuant to a protective order entered in this case, which he marked "Confidential." [Docs. 62, 64].[1]

---

[1] Documents 62 and 64 appear to be copies of the same documents.

In light of the confidential designation on these documents, and in an abundance of caution, the Clerk of Court provisionally filed these exhibits under seal. However, no motion to maintain these exhibits under permanent seal was filed. See LCvR 6.1(c) (requiring formal motion in order to file materials under seal). In light of the Plaintiff's pro se status, and the fact that the documents at issue appeared to have been generated by the Defendants, the Court entered an Order giving the Defendants an opportunity to file a motion to seal. [Doc. 88]. The Defendants filed their motion to seal on September 7, 2023. [Doc. 92].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly

tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion. The Defendants' motion was filed on September 7, 2023, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendants have demonstrated that the exhibits at issue contain confidential information protected from disclosure by N.C. Gen. Stat. § 153A-98, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing

of these materials is narrowly tailored to serve the interest of protecting this confidential information.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Seal [Doc. 92] is **GRANTED**, and the documents filed collectively as Documents 62 and 64 shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: September 19, 2023

Martin Reidinger
Chief United States District Judge